IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

BARRY DWAYNE MINNFEE, §
 §
    Petitioner, §
 §
v. § 2:06-CV-0356
 §
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
 §
    Respondent. §

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION

Petitioner BARRY DWAYNE MINNFEE, a state inmate confined at the Connally Unit, has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends petitioner's application be DISMISSED.

### I.
### NO CASE OR CONTROVERSY
### and SANCTION

On July 29, 2004, a complaint was filed against petitioner in the 320th Judicial District Court of Potter County, Texas alleging petitioner had violated state law by failing to register as a sex offender. *State v. Minnfee*, Cause No. 49,473-D. On or about May 6, 2005, this charge against petitioner was dismissed due to petitioner's May 2, 2005 conviction for robbery, and the resultant life

sentence, out of Potter County. *See State v. Minnfee*, Cause No. 49,678-D. By the instant federal habeas application, petitioner appears to argue he has a right to a speedy trial on the charges brought in Cause No. 49,473-D, and that the enhancement paragraphs alleged in Cause No. 49,473-D are invalid.

The undersigned notes this Court has previously assessed a monetary sanction of $50.00 against petitioner, and ordered that petitioner not be allowed to proceed with any litigation in this Court until such sanction has been paid. *Minnfee v. Dretke*, No. 2:04-CV-0147. As of this date, the sanction has not been paid.

This case was originally filed in the United States District Court for the Western District of Texas, San Antonio Division, and then transferred to this Court. The filing of the instant habeas petition is in violation of the sanction previously-assessed against petitioner in Cause No. 2:04-CV-0147 prohibiting petitioner from proceeding with any litigation in this Court until monetary sanctions against him have been paid.

Further, petitioner is attempting to challenge a state proceeding which was dismissed, did not result in conviction or sentence, and for which he is not currently in custody. Consequently, petitioner does not meet, and did not at the time he submitted his petition for filing, the custody requirement on a conviction and sentence in Cause No. 49,473-D necessary for federal habeas relief.

## II.
## RECOMMENDATION

It is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the application writ of habeas corpus filed by petitioner BARRY DWAYNE MINNFEE be DISMISSED. Alternatively, it is the RECOMMENDATION of the undersigned that petitioner's

application be unfiled as being in violation of this Court's previously assessed sanction.

III.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___26th___ day of December 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).